# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TCYK, LLC,**
        **Plaintiff,**

    v.                                                                                     Case No. 13-CV-01022

**JOHN DOES 1–35,**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff TCYK, LLC is seeking relief for copyright infringement by 35 different individuals who allegedly downloaded plaintiff's copyrighted motion picture, "The Company You Keep." Plaintiff filed its complaint on September 10, 2013. Accompanying its complaint was a motion to serve third-party subpoenas on various Internet Service Providers ("ISPs") so it could learn the names and street addresses of the individuals who had downloaded the motion picture. I granted this motion, and the resulting subpoenas ask the ISPs to provide the names and addresses associated with 35 different IP addresses. Pro se defendant John Doe #18 moves to quash the subpoena related to IP address 173.89.57.26 under Fed. R. Civ. P. 45. This rule allows a court to quash a subpoena if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).

Here, defendant seeks to quash the subpoena because it seeks information that is not relevant to plaintiff's claim of copyright infringement. Defendant claims to live in an apartment complex with several units and to have an unsecured wireless internet connection. Therefore, defendant argues that there are many people who could have used

defendant's internet connection to download plaintiff's motion picture, and that the name and address of the owner of the IP address are not relevant because the information will not help plaintiff identify the person who downloaded its movie. I disagree. It is possible that defendant is the person who committed the alleged copyright infringement, and, even if the evidence shows that he or she is not the responsible party, the information the subpoena seeks is still relevant. Identifying the owner of the IP address used to download plaintiff's movie and the location of that person's internet connection will help plaintiff narrow down the list of potentially liable individuals. *See* Fed. R. Civ. P. 26(b)(1) (allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and noting that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence"). I note, however, that plaintiff will be bound by Fed. R. Civ. P. 11(b) if it decides to file an amended complaint that includes defendant's real name. This rule requires an attorney to certify that a complaint "is not being presented for any improper purpose, such as to harass," and that the factual contentions contained in the complaint "have evidentiary support." Fed. R. Civ. P. 11(b)(1), (3).

Defendant also seeks to quash the subpoena because it "requires disclosure of protected information and subjects DOE #18 to undue burden." (Mot. to Quash ¶ 1, ECF No. 8.) Defendant does not, however, explain why his or her name and address, which defendant voluntarily disclosed to the employees of the ISP when registering for internet service, should be protected from disclosure. Defendant also fails to explain how the subpoena burdens defendant when it does not ask defendant to produce anything. Therefore, I will not quash the subpoena on either of these grounds. *See also Smith v.*

*Maryland*, 442 U.S. 735, 743–44 (1979) (finding that a person did not have a legitimate expectation of privacy in the telephone numbers he dialed because he had voluntarily disclosed them to the phone company each time he made a call).

**THEREFORE, IT IS ORDERED** that the motion to quash filed by Doe #18 (Docket #8) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge